## No. 267
## BIRDSONG BROS. v. TAMARKIN & RIFKIN
Ohio Appeals, 7th Dist., Mahoning Co.
Decided Oct. 29, 1924.

1063. SALES—Delivery of goods to railroad does not relieve seller of liability for shortage in weight of shipment.

ROBERTS, J.

### Epitomized Opinion

Birdsong Bros. sued to recover the sum of $726.63, the balance due upon a consignment of goods to the defendants. This balance the defendants admitted to be due to the plaintiffs, but counterclaim for the sum of $1826.00 as damages for short weight shipment of a carload of raisins previously made. In the municipal court judgment was rendered for the defendants, and on appeal to the common pleas a verdict was rendered on behalf of the defendants in the sum of $1200, from which error is prosecuted.

The evidence tended to show that when the carload of raisins arrived in Youngstown a large number of the boxes had been opened and the goods strewn over the car, for which a claim for damages was placed with the railroad and settled for the sum of $200.00 paid to the defendants. Subsequently it was discovered that the boxes of raisins which were supposed to have weighed 50 lbs. were short in weight to an extent which showed a loss of $1800.00.

The plaintiffs contend that by 8426 GC delivery by the seller to the carrier is delivery to the purchaser and any loss which may subsequently occur to the goods is the loss of the purchaser. The answer of the defendants to this contention is that the goods as originally shipped were short weight. Affirming judgment the Court of Appeals held:

1. That the issue as to whether the goods as originally shipped were short weight was properly submitted by the court to the jury.

2. That the evidence submitted showed that the boxes had not been tampered with is not sufficient to hold that the fact is against the weight of the evidence.

3. That there was no prejudice in the manner in which the court submitted to the jury the claim of both the plaintiff and the defend-

## STATE COURT OF APPEALS—Continued

ants, as the verdict is for substantially the difference between the two claims.

4. The plaintiffs were not prejudiced by the filing of a counterclaim and amended statement of defense, in common pleas, as the issues in any event involved the same principles of law and the same testimony.

Attorneys—Steiner & Collins, for Birdsong; Henderson & Barret, for Tamarkin & Rifkin; all of Youngstown.